UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

Plaintiff(s),

v.

SHAWN DEVINE, et al.,

Defendant(s).

2:12-CV-523 JCM (NJK)

**ORDER**

Presently before the court is plaintiff's, Allstate Fire and Casualty Insurance Company ("Allstate") motion for summary judgment. (Doc. # 15). Defendant William Walkden filed a response in opposition (doc. # 17), and Allstate filed a reply (doc. # 19).[1]

**I.    Background**

The parties agree on the vast majority of relevant, material facts. There is only one material fact that is disputed; however, only one party provides evidence regarding this fact.

On or around March 2010, Shawn Devine ("Devine") and Walkden were involved in a vehicular accident. The accident occurred at Apex Dunes, an off-road location near Interstate 15, exit 58. Neither Walkden nor Devine owns the property at Apex Dunes. At the time of the accident, Devine was operating an off-road motorcycle, and Walkden was operating a three wheel all terrain vehicle ("ATV").

---

[1] Allstate also filed an errata to its reply. (*See* doc. # 20).

**James C. Mahan**
**U.S. District Judge**

The accident gave rise to a lawsuit in Nevada state court, *William Walkden v. Shawn Devine*, Clark County District Court case number A-10-629822-C. The state court complaint alleges that Devine negligently operated the motorcycle in such a way that it collided with Walkden, causing Walkden severe injuries.

Allstate insured the Devine family at the relevant time, and the policy covered Shawn Devine. Allstate provided an auto policy and a homeowner's policy to the Devine family. Allstate filed the instant lawsuit seeking declaratory relief on whether, under the facts presented, the auto or homeowner policy cover Devine. Both parties agree that the auto policy, under its unambiguous terms, does not cover Devine in the state lawsuit. The only remaining question is whether the homeowner policy covers Devine in the state lawsuit.

**II.     Legal Standard**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party

will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.    Discussion**

"The authorities unquestionably support the proposition that the duty to defend is much broader than the duty to indemnify." *Rockwood Ins. Co. v. Federated Capital Corp.*, 694 F.Supp. 772, 776 (D. Nev. 1988). "The insurer must defend any lawsuit brought against its insured which potentially seeks damages within the coverage of the policy." *Id.* "This means only that if facts are alleged which if proved would give rise to the duty to indemnify, the insurer must defend. It is

1  immaterial whether the claim asserted is false, fraudulent or provable." *Id.* "The potentiality of
2  covered liability is the test." *Id.* (citing *Cont'l Cas. Co. v. City of Richmond*, 763 F.2d 1076 (9th Cir.
3  1985). If the insurance policy properly construed does not cover Devine during the factual situation
4  giving rise to the state court lawsuit, then Allstate has no duty to indemnify or a duty to defend
5  Devine in state court.

6  "An insurance policy is a contract." *Senteney v. Fire Ins. Exch.*, 707 P.2d 1149, 1150 (Nev.
7  1988). A court "should not rewrite contract provisions that are otherwise ambiguous." *Id.*
8  Summary judgment is appropriate when the contract terms are clear and unambiguous, even if the
9  parties disagree as to their meaning. *See United States v. King Features Entertainment, Inc.*, 843
10 F.2d 394, 398 (9th Cir. 1988); *see also Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d
11 1401, 1406 (9th Cir. 1985). Interpretation of the contract, including whether it is ambiguous, is a
12 matter of law. *Beck Park Apts. v. United States Dep't of Housing*, 695 F.2d 366, 369 (9th Cir. 1982).
13 In Nevada, contractual construction is a question of law and "suitable for determination by summary
14 judgment." *Ellison v. Cal. State Auto Ass'n*, 106 Nev. 601, 603 (1990).

15 The court must look to the language of the homeowner policy–the only policy still in dispute.
16 The homeowner policy states that Allstate "do[es] not cover bodily injury or property damage arising
17 out of the ownership, maintenance, use . . . of any motor vehicle or trailer. (Doc. # 15, Ex. B at p.
18 24). The homeowner policy unambiguously excludes coverage of bodily injury or property arising
19 out of the ownership or use of a motor vehicle.

20 However, there is an exception to this exclusion. The policy also states "this exclusion does
21 not apply to . . . any motor vehicle designed principally for recreational use off public roads, unless
22 that vehicle is owned by an insured person and is being used away from an insured premises." (Doc.
23 # 15, Ex. B at p. 24). At the time of the accident, Devine was operating an off-road motorcycle.
24 Additionally, Devine was off-roading at Apex Dunes, which is away from the insured premises.
25 Therefore, the only issue is whether Devine owned the vehicle. If Devine did not own the off-road
26 motorcycle then the insurance coverage extends to Devine and Allstate must defend and potentially
27 indemnify. If Devine did own the off-road motorcycle then the coverage does not apply to Devine
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1 and Allstate has no duty to defend.

2 Unsurprisingly, Allstate argues that Devine owned the vehicle; meanwhile, Walkden argues that Devine did not own the off-road motorcycle. However, only one party presents evidence in support of its position.

In Devine's answers to interrogatories in the underlying state court action, he answered, "I owned the dirt bike." (Doc. # 19, Ex. A at p. 2).[2] Walkden does not counter with any evidence that Devine did not own the motorcycle. Walkden counters only with the argument that there is no title on the dirt bike and it is not registered with the state of Nevada. This appears to all be true. However, Devine has admitted that he owned the bike, and Walkden has not presented any evidence that any other person in the world claims ownership of the bike.

There is no coverage under either the auto or homeowner policy. Because there is no coverage, Allstate need not defend Devine for the action filed by Walkden in state court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Allstate's motion for summary judgment (doc. # 15) be, and the same hereby, is GRANTED. Allstate is ordered to submit a proposed judgment consistent with this order.

DATED March 15, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Both parties have attempted to present deposition testimony/evidence in support of their positions and arguments. However, the deposition excerpts are not properly authenticated and have not been considered by the court. *Orr v. Bank of America*, 285 F.3d 764, 774 (9th Cir. 2002) ("A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent.").